UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT WAYNE WALLACE   CIVIL ACTION NO. 14-cv-3034

VERSUS   JUDGE FOOTE

OVERTON BROOKS VA   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Robert W. Wallace ("Plaintiff") filed this civil action against Overton Brooks VA. He commenced this action by filing a "small claims petition" form that is designated for use in the small claims division of the Shreveport City Court. Plaintiff alleges that physicians at the VA have prescribed hydrocodone, oxycodone, and clonidine, but Plaintiff has been dissatisfied with the effectiveness of the drugs, and he complains about their side effects.

The United States and its agencies, such as the Department of Veterans Affairs, have sovereign immunity from tort suits. The Federal Tort Claims Act ("FTCA") grants a limited waiver of the immunity, but it requires the claimant to, before bringing a lawsuit, present his claim to the appropriate federal agency and have it be finally denied by the agency in writing. The claim is ordinarily presented on a Standard Form 95 and is considered properly presented when the agency is given sufficient written notice to commence an investigation and the claimant places a value on his claim. See 28 U.S.C. § 2675 and Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp., 764 F.3d 445 (5th Cir. 2014).

The burden is on a plaintiff to establish that the federal court has jurisdiction over his complaint. In an FTCA case, that includes providing evidence that he has complied with the administrative exhaustion requirement. Leban v Dept. of Veteran Affairs, 2014 WL 3778830 (E.D. La. 2014). The requirement must be completed before the complaint is filed in court; later exhaustion will not cure a premature lawsuit. McNeil v. U.S., 113 S.Ct. 1980 (1993).

There is no indication that Plaintiff has properly presented an administrative claim and had it denied prior to his filing of this civil action. Plaintiff is directed to submit, no later than **November 7, 2014**, evidence that he has properly exhausted his administrative remedies with the agency. If he does not do so, this civil action will be subject to dismissal for lack of subject-matter jurisdiction. If Plaintiff wishes to voluntarily dismiss this civil action so that he may properly proceed with an administrative claim, he should advise the court in writing that he wishes to dismiss this action without prejudice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of October, 2014.

Mark L. Hornsby
U.S. Magistrate Judge