UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT WAYNE WALLACE                    CIVIL ACTION NO. 14-cv-3034

VERSUS                                  JUDGE FOOTE

OVERTON BROOKS VA                       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Robert W. Wallace ("Plaintiff") filed this civil action against Overton Brooks VA. He commenced the action by filing a "small claims petition" form that is designated for use in the small claims division of the Shreveport City Court. Plaintiff alleges that physicians at the VA have prescribed hydrocodone, oxycodone, and clonidine, but Plaintiff has been dissatisfied with the effectiveness of the drugs, and he complains about their side effects. For the reasons that follow, it is recommended the complaint be dismissed for lack of jurisdiction.

The United States and its agencies, such as the Department of Veterans Affairs, have sovereign immunity from tort suits. The Federal Tort Claims Act ("FTCA") grants a limited waiver of the immunity, but it requires the claimant to, before bringing a lawsuit, present his claim to the appropriate federal agency and have it be finally denied by the agency in writing. The claim is ordinarily presented on a Standard Form 95 and is considered properly presented when the agency is given sufficient written notice to commence an investigation and the claimant places a value on his claim. 28 U.S.C. § 2675 and <u>Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.</u>, 764 F.3d 445 (5th Cir. 2014).

The burden is on a plaintiff to establish that the federal court has jurisdiction over his complaint. In an FTCA case, that includes providing evidence that he has complied with the administrative exhaustion requirement. Leban v Dept. of Veteran Affairs, 2014 WL 3778830 (E.D. La. 2014). The requirement must be completed before the complaint is filed in court; later exhaustion will not cure a premature lawsuit. McNeil v. U.S., 113 S.Ct. 1980 (1993).

The court issued an order (Doc. 4) and noted that there is no indication Plaintiff has properly presented an administrative claim and had it denied prior to his filing of this civil action. The court directed Plaintiff to submit, no later than November 7, 2014, evidence that he has properly exhausted his administrative remedies with the agency. Plaintiff was warned that, if he did not do so, this civil action would be subject to dismissal for lack of subject-matter jurisdiction. Plaintiff was also advised that if he wished to voluntarily dismiss this civil action so that he may properly proceed with an administrative claim, he should advise the court in writing.

The November 7 deadline has passed. Plaintiff has not filed anything since the court issued its order, so he has not met his burden to show that he properly exhausted his administrative remedies so that the court would have jurisdiction over this action. The court must, therefore, dismiss this civil action without prejudice because of the lack of subject-matter jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** because of a lack of subject-matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of December, 2014.

Mark L. Hornsby
U.S. Magistrate Judge